IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 118-026 |
| | ) | |
| IVAN FRANZ | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

The indictment charges Defendant Ivan Franz with one count of possession of child pornography.  (Doc. no. 3.)  Defendant moves to suppress evidence obtained from his residence at 347 Farmington Drive in Evans, Georgia.  (Doc. no. 36.)  Upon consideration of the briefs, the Court **REPORTS** and **RECOMMENDS** Defendant's Motion to Suppress be **DENIED**.

## I.   NO NEED FOR EVIDENTIARY HEARING

The Court finds no reason for holding an evidentiary hearing.  The decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion.  United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984).  "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion."  United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).  Thus, the burden is upon the defendant to allege facts that would, if proven true, entitle him to relief.  United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985).  A district court should grant a request for

an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." Id. (citations omitted).

Because the facts alleged in the instant motion, even if proven, would not entitle Defendant to relief, the moving papers fail to establish a substantial claim, and Defendant is not entitled to an evidentiary hearing.

## II.    FACTS

On June 6, 2018, the grand jury in the Southern District of Georgia charged Defendant with one count of possession of child pornography in violation of 21 U.S.C. § 2252A(a)(5)(B).  (Doc. no. 3, p. 1.)  Two years before the indictment, on April 21, 2016, Special Agent Harley Snipes of Homeland Security Investigations ("HSI"), a division of Immigration and Customs Enforcement, obtained a search warrant for 347 Farmington Drive, Evans, Georgia, 30809.  MJ 116-009, doc. no. 3 (S.D. Ga. Apr. 21, 2016).[1]  The search warrant requested permission to search 347 Farmington Drive for evidence and fruits of crime, contraband, and other items illegally possessed in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(b), (b)(1), and (b)(2), which prohibit:  (1) receipt, transportation, and distribution of child pornography; (2) attempt to receive, transport, or distribute child pornography; (3) and possession, access, or attempted access with intent to view child pornography.  Id.  SA Snipes alleged the following facts in his supporting affidavit.

---

[1]United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

2

In September 2015, the HSI Cyber Crimes Center, Child Exploitation Unit ("CEU") became involved in an ongoing child pornography investigation regarding members of an internet-based bulletin board dedicated to the advertisement, distribution, and production of child pornography.  Id., doc. no. 3-1, p. 15.  The bulletin board contained various sections with forums and sub-forums, in which members would post messages and images for other members.  Id.  In October 2015, CEU began working with the Department of Justice's ("DOJ") High Technology Investigative Unit ("HTIU"), to capture content contained on the bulletin board.  Id. at 15-16.

On November 5, 2016, a member posted a page promoting a video file of child pornography titled "sunset.rar."  Id. at 16.  The post was located in a section titled "Successful Applications" in a sub-forum titled "Asian Webcam Lesbian."  Id.  The post included sixteen timestamped photos captured from the video file, fourteen of which depicted a seven-to-nine-year-old prepubescent female with her exposed vagina being orally and digitally manipulated.  Id.  The post also provided a link to download the video file and a password for accessing and opening the file.  Id.

HTIU downloaded the file and SA Snipes reviewed the contents, using the password to open and view the encrypted file.  Id.  SA Snipes stated

> [t]he file consists of a video of the aforementioned prepubescent female being undressed and positioned so her exposed vagina is visible to the camera. During the video two adult females sexually engage the prepubescent female. The prepubescent female's exposed vagina is digitally penetrated by both females and one of the adult females performs oral sex on the minor while the other adult female fondles the minor's nipples.

Id.

Law enforcement determined a file sharing site provided the storage services for the bulletin board's members.  Id.  On January 4, 2016, law enforcement obtained an order directing the file sharing site to disclose records and other information relating to a list of unique web addresses containing files determined by law enforcement officers to depict minors engaging in sexually explicit conduct.  Id. at 17-18.  The file sharing site produced business records, including the dates, times, and IP addresses connected to downloads of the file content associated with the web addresses.  Id. at 18-19.

The file sharing site produced records indicating, on November 7, 2015, IP address 71.226.150.249 was used to download or attempt to download the video file "sunset.rar" described above.  Id. at 19.  Using publicly available tools, law enforcement determined Comcast Cable Communications controlled the IP address.  Id.  On or about January 29, 2016, DOJ issued a subpoena to Comcast requesting subscriber information for the IP address.  Id.  On February 3, 2016, Comcast reported the subscriber's billing name and address was Ivan Franz at 347 Farmington Drive, Evans, Georgia, 30809.  Id.  The Columbia County, Georgia, property roll listed Defendant as one of the owners of 347 Farmington Drive, and the Georgia Department of Driver Services listed Defendant's residence as 347 Farmington Drive.  Id. at 19-20.  "CLEAR," a public records database, reported Defendant's current address as 347 Farmington Drive.  Id. at 21.  On or about April 7, 2016, a Georgia Power representative identified Defendant as receiving service at 347 Farmington Drive.  Id. at 20. The same day, SA Snipes observed a male matching Defendant's driver's license photo arrive at 347 Farmington Drive and park a vehicle in the garage.  Id.  SA Snipes also

4

determined a wireless router at 347 Farmington Drive was likely generating a secured wireless network.  Id.

Based on his previous investigative experience and that of other experienced officers, SA Snipes explained in the search warrant affidavit it is common for individuals who possess or view child pornography to collect explicit materials in a variety of media and maintain the media for many years.  Id. at 21-22.  Furthermore, such individuals almost always maintain the materials in the privacy and security of their home or some other secure location, and, even if they use a portable device to access child pornography on the internet, they are more likely to maintain evidence of this access at their home.  Id. at 22-23.  Finally, computers automatically store digital information, including traces of the path of an electronic communication, web caches, and history files, which are maintained indefinitely until overwritten.  Id. at 11.

Law enforcement executed the search warrant on the date of issuance and seized:  (1) an HP Omni All in One PC; (2) eleven thumb drives; (3) one Micro SD card and adapter; (4) a Mac Book Laptop; (5) an Iphone cellular phone; (6) a Toshiba laptop; (7) an Emachine PCU; (8) an HP laptop; and (9) a Nokia cellular phone.  Id., doc. no. 5, p. 1.

## III.  DISCUSSION

The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  Thus, a search warrant must:  (1) be based on probable

5

cause; (2) be supported by a sworn affidavit; (3) particularly describe the place to be searched; and (4) particularly describe the items to be seized.  See id.; United States v. Carson, 520 F. App'x 874, 888 (11th Cir. 2013).

Defendant argues the evidence obtained during the search of 347 Farmington Drive should be suppressed because (1) there was no probable cause to believe evidence of the crime would be found at the searched location and (2) even if there was probable cause, it was based on stale information, as the search warrant was issued more than five months after the download or attempted download.  (Doc. no. 36, pp. 3-5.)

### A.    The Standard for Evaluating Probable Cause

In deciding whether to sign a search warrant, the issuing judge must make a "practical, common sense decision" whether, given all the information in the supporting affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).  "[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts[.]"  United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999) (quoting Gates, 462 U.S. at 232).  The validity of the warrant is evaluated based on the totality of the circumstances.  See id.; see also United States v. Flowers, 531 F. App'x 975, 981 (11th Cir. 2013) ("Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location.").

Also, the affidavit in support of the search warrant application "should establish a connection between the defendant and the residence to be searched and a link between the

residence and any criminal activity." United States v. Mitchell, 503 F. App'x 751, 754 (11th Cir. 2013) (citing Martin, 297 F.3d at 1314.)  As to providing the nexus between the items being sought and the residence of a defendant, "the affidavit must supply the authorizing magistrate with a reasonable basis for concluding that Defendant might keep evidence of his crimes at his home, i.e., a 'safe yet accessible place.'" United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quoting United States v. Feliz, 182 F.3d 82, 87-88 (1st Cir. 1999)).  The court in Kapordelis further stated:

> The justification for allowing a search of a person's residence when that person is suspected of criminal activity is the common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained.  In normal situations, few places are more convenient than one's residence for use in planning and hiding fruits of a crime.

Id. (quoting United States v. Green, 634 F.2d 222, 226 (5th Cir. 1981)); see also United States v. Anton, 546 F.3d 1355, 1358 (11th Cir. 2008) (holding evidence of defendant possessing contraband of type normally expected to be hidden in residence will support search).

In the Eleventh Circuit, a court reviewing the decision of a judicial officer concerning the existence of probable cause gives "great deference" to that determination.  United States v. Bradley, 644 F.3d 1213, 1263 (11th Cir. 2011) (citing Brundidge, 170 F.3d at 1352).  Thus, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Cauchon v. United States, 824 F.2d 908, 911-12 (11th Cir. 1987) (citing Gates, 462 U.S. at 238-39.

**B.      SA Snipes's Affidavit Established Probable Cause**

The Court concludes the affidavit and application for a search warrant provided a substantial basis for finding probable cause that evidence and fruits of illegal activity, contraband, other illegally possessed items related to violations of 18 U.S.C. § 2252A would be found by searching the residence at 347 Farmington Drive.

As discussed in detail above, law enforcement investigated the bulletin board, which was dedicated to the advertisement, distribution, and production of child pornography, and the file sharing site providing storage services for the bulletin board's members.  The investigation resulted in records showing (1) the IP address 71.226.150.249 was used to download or attempt to download a file determined to depict child pornography; and (2) the IP address is specific to 347 Farmington Drive, Evans, Georgia, 30809.  Furthermore, SA Snipes stated individuals who possess or access child pornography almost always maintain the materials in the privacy and security of their home, even if they use portable devices to view the material.  Thus, the affidavit established a clear, practical basis for the Court to determine there was a fair probability contraband or evidence of criminal activity would be found at 347 Farmington Drive.  Jiminez, 224 F.3d at 1248; Kapordelis, 569 F.3d 1291, 1310.

Defendant makes three arguments in support of his motion.  First, he argues there is no probable cause to establish evidence of a crime would be found at the residence because the affidavit does not conclusively state the file containing child pornography was actually downloaded.  (Doc. no. 36, p. 4.)  The affidavit states the IP address was "used to download, and/or attempted [sic] to download" the file.  MJ 116-009, doc. no. 3-1, p. 19.  The mere

possibility of a download being unsuccessful is insufficient to negate probable cause.  In addition, an unsuccessful download is still illegal because the statutes cited in the application prohibit attempts to receive, transport, distribute, or access with intent to view child pornography.  See 18 U.S.C. § 2252A(b)(1), (2).  Furthermore, evidence of an attempted download would likely be found at the residence, based on SA Snipes's assertion computers automatically store information of a user's online activities and maintain the information indefinitely.  MJ 116-009, doc. no. 3-1, p. 11.

Second, Defendant argues there were no other instances during the eight-month investigation of the IP address being used to access child pornography.  (Doc. no. 36, p. 4.) This argument is a red herring.  The criminal statutes do not require multiple instances.  See 18 U.S.C. § 2252A.  Thus, whether child pornography was accessed on other occasions is irrelevant to whether there was probable cause to issue the search warrant.

Finally, Defendant argues there was no probable cause to establish Defendant had the requisite intent to possess child pornography, as neither the title of the file "sunset.rar," nor the sub-forum in which it was contained, "Asian Webcam Lesbian," gave any indication the file would contain child pornography.  (Doc. no. 36, pp. 4-5.)  According to the affidavit, the entire bulletin board was "dedicated to the advertisement, distribution, and production of child pornography."  MJ 116-009, doc. no. 3-1, p. 15.  Furthermore, the post itself included images of child pornography from the video file, which would have been readily visible along with the link to download the video file.  Id. at 16.

In sum, SA Snipes's affidavit and application for a search warrant provided a substantial basis for the determination of a fair probability that evidence related to a violation

of 18 U.S.C. § 2252A would be found at 347 Farmington Drive.  The information provided is sufficient to satisfy the Fourth Amendment's requirement of probable cause.

### C.      The Affidavit Was Not Based on Stale Information

Defendant also argues the probable cause is based on stale information because the search warrant was issued more than five months after the download or attempted download. (Doc. no. 36, p. 4.)  Warrant applications must be based on timely information, and warrant applications based on stale information lack probable cause because they fail to show similar or other improper conduct is continuing.  United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994), modified on other grounds by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). However, the staleness determination must be made on a case-by-case basis, in which a court "may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched."  Id.  (citations omitted).

SA Snipes stated in the affidavit individuals who possess or access child pornography commonly collect the materials and maintain them for many years.  MJ 116-009, doc. no. 3-1, p. 21-22.   The Eleventh Circuit has recently rejected staleness challenges in appeals involving child pornography because "pedophiles rarely, if ever, dispose of child pornography."  United States v. Touset, 890 F.3d 1227, 1237-38 (11th Cir. 2018) (finding evidence related to electronic purchase of child pornography not stale year and half later) (citations and internal quotation omitted); see also United States v. McBurnette, 382 F. App'x 813, 815 (11th Cir. 2010) (finding evidence of possession of child pornography not

stale after almost two years where officer reported pedophiles never dispose of child pornography).  The evidence was therefore not stale after only five months.

> **D.      Even If Probable Cause Did Not Exist to Support Issuance of the Warrant, the <u>Leon</u> Good Faith Exception Applies**

Even if the Court were to conclude probable cause did not support the warrant, an untenable position in light of all the information discussed above, the good faith exception to the exclusionary rule applies under <u>United States v. Leon</u>, 468 U.S. 897 (1984).   The judicially created remedy known as the exclusionary rule acts as a deterrent to violating the Fourth Amendment by preventing the use of evidence seized as a result of an illegal search. <u>Martin</u>, 297 F.3d at 1312.   However, under <u>Leon</u>, the good faith exception allows the introduction of evidence in the prosecution's case in chief that is "seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate." <u>Leon</u>, 468 U.S. at 913.   The <u>Leon</u> Court explained that the good faith exception to the exclusionary rule was appropriate because "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." <u>Id.</u> at 916.   Thus, under <u>Leon</u>, the question becomes whether the officers executing the warrant reasonably relied on the issuing Magistrate Judge's determination of probable cause.   See <u>id.</u> at 913; <u>see also</u> <u>United States v. Herring</u>, 492 F.3d 1212, 1215 (11th Cir. 2007) ("[T]he exclusionary rule does not bar the use of evidence obtained by officers acting in good faith reliance on a warrant which is later found not to be supported by probable cause.").

Under <u>Leon</u>, there are four scenarios under which the good faith exception to the exclusionary rule would not apply.   The exception does not apply where the judge issuing the

warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.  Leon, 468 U.S. at 923. Nor does the exception apply in cases where the issuing judge "wholly abandoned" his or her detached and neutral judicial role such that no reasonably well-trained officer would rely on the warrant.  Id.  The warrant must not be based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and the warrant must not be so "facially deficient" that the executing officers could not reasonably presume it was valid.  Id.

Here, there is no evidence false information was provided or that SA Snipes recklessly disregarded the truth.  Nor is there evidence the issuing judge "wholly abandoned" a detached and neutral role in issuing the warrant.  As discussed above, the warrant application provided sufficient information establishing probable cause.  And the warrant is not so facially deficient in any respect, and especially with regard to the issue of probable cause, that the executing officers could not reasonably presume it to be valid.

In sum, the Court concludes that even if probable cause to support issuance of the warrant had not been established, the evidence discovered as a result of the execution of the contested search warrant would be admissible under the good faith exception to the exclusionary rule set forth in Leon.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**

Defendant's motion to suppress be **DENIED**.  (Doc. no. 36.)

SO  REPORTED  and  RECOMMENDED  this  28th  day  of  November,  2018,  at

Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA